# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 10-37V
Filed: October 27, 2014

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * | | **UNPUBLISHED** |
| CAM, a minor, by his parents and natural guardians, Christopher Carlton McBride and Lisa Nguyen McBride, | * * * * | Special Master Dorsey |
| Petitioners, | * * | |
| v. | * * | Petitioners' Motion for Dismissal Decision; Insufficient Proof of |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Causation; Vaccine Act Entitlement; Multiple Vaccines; Leigh's Syndrome; Autism. |
| Respondent. | * * | |
| * * * * * * * * * * * * * * * * * * * * * * * | | |

Clifford John Shoemaker, Shoemaker and Associates, Vienna, VA, for Petitioners.
Heather Lynn Pearlman, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On January 20, 2010, petitioners filed a "Short-Form Autism Petition for Vaccine Compensation" pro se alleging that CAM developed autism resulting from the receipt of vaccines. After counsel entered an appearance, an amended petition was filed on August 12, 2012, pursuant to the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 et seq. (2006) ("Vaccine Act"). Petitioners alleged that CAM suffered from Leigh's syndrome as a result of receiving the Pediarix, Hib and Prevnar vaccines on May 7, 2007, the Comvax, Varivax, Fluzone and Prevnar vaccines on October 25, 2007, and the DTAp and IPV vaccines on April 18, 2008. Amended Petition ("Am. Pet") at 1-2.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

On October 23, 2014, petitioners filed a motion for a dismissal decision.  In their motion, petitioners state that "an investigation of the facts and science supporting [their] case has demonstrated to the Petitioner that he will be unable to prove that he is entitled to compensation in the Vaccine Program."  Motion at 1.  Petitioners states that they understand that a decision by the Special Master will result in a judgment against them, and that such a judgment will end all rights in the Vaccine Program.  Id.  Respondent has no objection to petitioners' motion.[2]

To receive compensation under the Vaccine Act, petitioners must prove either 1) that CAM suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that CAM suffered an injury that was actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  An examination of the record did not uncover any evidence that CAM suffered a "Table Injury."  While both parties have offered a medical expert's opinions on causation, the record does not contain a medical expert's opinion from petitioner that differs from the theories addressed at the Omnibus Autism Proceeding [OAP] such as those involving thimerosal.  Petitioners were ordered to file an additional expert report from a geneticist to address respondent's expert assertions.  Petitioners did not file this report.

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).  In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion must be offered in support.  Petitioners, however, have not offered a persuasive medical expert opinion.

Therefore, the only alternative remains to DENY this petition.  **Thus, this case is dismissed for insufficient proof.  In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[2] Respondent also filed a response to Petitioners' Motion on October 27, 2014, confirming that respondent has no objection to the special master issuing a decision dismissing the petition, as petitioners represent in their motion.